IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:21-CR-19-TAV-DCP |
| ANTONIO BIBBS, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant's Motion to Continue Trial [Doc. 129], filed on June 6, 2022. In his motion, Defendant asks the Court to continue the July 12, 2022, trial date and all accompanying scheduling dates. The motion relates that Defendant's counsel was appointed on June 9, 2022, but Defendant's counsel needs additional time to gather information regarding the indictment for pretrial purposes and subsequent time to prepare for trial. The motion provides that the Government does not oppose the requested continuance. The motion indicates that Defendant has been counseled regarding his speedy trial rights, and Defendant understands that the time between the filing of the motion to continue and a new trial date will be fully excludable for Speedy Trial Act purposes. The parties have conferred with Chambers and agreed on a new trial date of January 17, 2023.

The Court finds Defendant's Motion to Continue Trial [Doc. 129] is unopposed and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon

the representations in the motion, Defendant's counsel needs additional time to gather information regarding the indictment for pretrial purposes and to otherwise prepare this case for trial. Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial despite the use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant's Motion to Continue Trial [**Doc. 129**] is **GRANTED**. The trial of this case is reset to **January 17, 2023**. The Court finds that all the time between the filing of the motion on June 12, 2022, and the new trial date of January 17, 2023, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)–(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Trial [**Doc. 129**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 17, 2023, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **June 12, 2022**, and the new trial date of **January 17, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is **July 25, 2022,** and responses will be due **August 8, 2022**. **Any necessary hearing on pretrial motions** will be set at a later date;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 16, 2022**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **January 3, 2023, at 10:00 a.m.**;

(7) The deadline for filing motions *in limine* is **January 2, 2023**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **January 6, 2023.**

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge